UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DONALD LYNN MARTIN,

        Petitioner,                         Case No. 24-cv-11256
                                                Hon. Matthew F. Leitman

v.

MATT COLE,

        Respondent.
_____/

**<u>ORDER (1) DISMISSING PETITION FOR WRIT OF HABEAS CORPUS (ECF No. 1) AND (2) DENYING WITHOUT PREJUDICE PETITIONER'S MOTION FOR WAIVER OF PACER FEES (ECF No. 3)</u>**

      Petitioner Donald Lynn Martin is on home confinement under the supervision of the Detroit Residential Reentry Management field office. On May 6, 2024, Martin filed a petition for a writ of habeas corpus in this Court pursuant to 28 U.S.C. § 2241. (*See* Pet., ECF No. 1.)  For the reasons explained below, the Petition is **DISMISSED**.

**I**

      On April 20, 2018, a jury in the United States District Court for the Western District of Kentucky convicted Martin of (1) attempting to entice a person under the age of eighteen to engage in sexual activity in violation of 18 U.S.C. § 2422(b), and (2) traveling from Indiana to Kentucky for the purpose of engaging in sexual activity with a fifteen-year-old person, in violation of 18 U.S.C. § 2423(b). *See United States*

*v. Martin*, 334 F.Supp.3d 860, 862 (W.D. Ky. 2018). The district court then sentenced Martin to 120 months imprisonment on each charge, to be served concurrently with one another, to be followed by 10 years of supervised release.

Martin raised three claims in an appeal to the Sixth Circuit Court of Appeals: (1) no reasonable jury could have rejected his entrapment defense, (2) the district court's response to a jury question amounted to a directed verdict, and (3) his rights under the Speedy Trial Act were violated. *See United States v. Martin*, 780 F. App'x 248 (6th Cir. 2019). The Sixth Circuit affirmed his convictions. *See id.*

In 2019, Martin filed a motion in the United States District Court for the Western District of Kentucky pursuant to 28 U.S.C. § 2255. The district court denied the motion. *See United States v. Martin*, 2022 WL 1599708, at *1 (W.D. Ky. May 20, 2022). The Sixth Circuit Court of Appeals dismissed Martin's appeal of that decision for want of prosecution. *See Martin v. United States*, No. 22-5584 (6th Cir. Nov. 16, 2022).

In 2021, Martin filed a habeas corpus petition pursuant to 28 U.S.C. § 2241 in the United States District Court for the Eastern District of Kentucky. In that petition, Martin challenged the calculation of his sentence by the Federal Bureau of Prisons. *See Martin v. Beard*, 2021 WL 5625552, at *1 (E.D. Ky. Nov. 30, 2021). The district court denied the petition. *See id.* Martin filed a notice of appeal, and the

Sixth Circuit affirmed the district court's decision. *See Martin v. LeMaster*, 2022 WL 18145207 (6th Cir. Oct. 19, 2022).

In 2024, Martin filed a second Section 2241 petition in the United States District Court for the Western District of Kentucky. In that petition, Martin asserted that his convictions were invalid because he received ineffective assistance of trial counsel. *See Martin v. Call*, 2024 WL 1702117, at *1 (W.D. Ky. Apr. 19, 2024). The Kentucky district court determined that because Martin is now under home confinement in this judicial district, the proper venue for Martin's petition was this Court, where Martin's custodian is located. *See id.* However, the court opted to dismiss, rather than to transfer, Martin's petition because it concluded that transfer would be futile. *See id.* at ** 1-2. The court explained that Martin could not proceed under Section 2241 unless he could show that the "savings clause" of 28 U.S.C. § 2255(e) applied, and the court concluded that Martin had failed to make that required showing. *See id.*

Martin then filed his current petition in this Court under Section 2241. (*See* Pet., ECF No. 1.) In this petition, Martin contends that his convictions are invalid because the district court of the Western District of Kentucky lacked jurisdiction over his criminal case and was not an Article III judicial forum. He also asserts that he was convicted in violation of his First Amendment right of assembly, Fourth Amendment right to be free from unreasonable search and seizure, and Sixth

3

Amendment right of confrontation, and that the federal prosecution for his crimes interfered with the powers reserved to the states under the Tenth Amendment. (*See id.*) Lastly, Martin claims that he received the ineffective assistance of trial counsel. (*See id.*)

## II

Ordinarily, "[a] federal prisoner must challenge the legality of his detention by motion under 28 U.S.C. § 2255," not in a Section 2241 petition. *Wooten v. Cauley*, 677 F.3d 303, 306 (6th Cir. 2012). A limited exception to this rule is found in the "savings clause" of Section 2255(e). The savings clause of Section 2255(e) allows a federal prisoner to challenge the lawfulness of his conviction or sentence under Section 2241 only if "the remedy [under § 2255] is inadequate or ineffective to test the legality of his detention.'" 28 U.S.C. § 2255(e). "It is the petitioner's burden to establish that his remedy under § 2255 is inadequate or ineffective," *Charles v. Chandler*, 180 F.3d 753, 756 (1999), and the circumstances under which that burden may be met "are narrow." *United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001). As the Supreme Court recently explained, the savings clause applies only where "unusual circumstances make it impossible or impracticable to seek relief in the sentencing court." *Jones v. Hendrix*, 143 S.Ct. 1857, 1866 (2023).

Martin argues that he should be permitted to proceed under Section 2241 because the Western District of Kentucky did not possess subject-matter or territorial

4

jurisdiction over his criminal case. (*See* Pet., ECF No. 1, PageID.9.) But that argument is an attack on his underlying convictions and is not an explanation as to why it was impossible or impracticable for him to raise his claims in a motion under Section 2255. Indeed, Martin's claim that the sentencing court lacked jurisdiction is a type of claim specifically enumerated under Section 2255:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that … *the court was without jurisdiction to impose such sentence* … may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a) (emphasis added).

As explained above, the "saving clause does not authorize … an end-run around AEDPA." *Jones*, 143 S.Ct. at 1864. Thus, this Court reaches the same conclusion as the United States District Court for the Western District of Kentucky and holds that Martin may not proceed under Section 2241 because he has failed to show that Section 2255 is "inadequate or ineffective" to test his sentence. *See Martin*, 2024 WL 1702117, at ** 1-2. The Court will therefore dismiss Martin's petition.

### III

Finally, Martin has filed a letter-motion requesting the waiver of fees for use of PACER,[1] retroactive to January 1, 2024. (*See* Mot., ECF No. 3.) Courts may allow indigent litigants to access PACER without charge for cause shown. *See* Judicial Conference Schedule of Fees, Electronic Public Access Fee Schedule (reprinted in notes following 28 U.S.C. § 1914 (West 2024)). To be eligible for an exemption from PACER user fees, the requesting party must show that an exemption is necessary to: (1) avoid unreasonable burden; and (2) promote public access to information. *See id.* at ¶ 9.

Martin has not satisfied these burdens based on the limited information that he included in his motion. For example, Martin has not completed an *in forma pauperis* application or provided the Court any information about his finances such that the Court could conclude that the PACER fees he incurred would place an unreasonable burden on him. Nor has Martin identified the total amount of PACER fees that he asks to be waived or identified for the Court how the fees he's incurred relate to the habeas petition he filed.

For all of these reasons, the Court will **DENY** Martin's motion to waive the PACER fees **WITHOUT PREJUDICE**. However, Martin may file a renewed

---

[1] PACER, an acronym for Public Access to Electronic Records, is the service that provides electronic access via the Internet to case and docket information from the federal courts.

motion for waiver of these fees. In that motion, Martin shall (1) provide the Court the exact amount of PACER fees that he seeks to have waived, (2) explain, for each PACER fee that he incurred and that he asks to be waived, how that fee related to his filed habeas petition, and (3) provide, under oath, a statement of his finances from which the Court could determine whether the amount of PACER fees that he incurred would impose an unreasonable burden on him. Martin may also include in his renewed motion any other additional information about the PACER fees that he believes is relevant to his request for a waiver.

### IV

For all of the reasons explained above, Martin's petition (ECF No. 1) is **DISMISSED**. The Court further **DENIES** Martin's letter-motion for the waiver of fees for the use of PACER (ECF No. 3) **WITHOUT PREJUDICE**.

Finally, the Court **GRANTS** Martin leave to appeal *in forma pauperis* because an appeal could be taken in good faith. *See* 28 U.S.C. § 1915(a)(3). The Court further notes that a Certificate of Appealability is not needed to appeal the denial of a habeas petition filed under Section 2241. *See Witham v. United States*, 355 F.3d 501, 504 (6th Cir. 2004).

**IT IS SO ORDERED**.

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated: July 16, 2024

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on July 16, 2024, by electronic means and/or ordinary mail.

s/Holly A. Ryan  
Case Manager  
(313) 234-5126